UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| STIMSON LUMBER COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>THE COEUR D'ALENE TRIBE,<br><br>Defendant. | Case No. 2:22-cv-00367-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Defendant's Motion to Dismiss or Stay. Dkt. 20. On February 22, 2023, the Court held oral argument and took the motion under advisement. Upon review, and for the reasons below, the Court will GRANT the motion and dismiss the case for lack of subject matter jurisdiction.

## II. BACKGROUND

### A. Factual Background

#### 1. The Lease

Plaintiff Stimson Lumber Company ("Stimson") and Defendant Coeur d' Alene Tribe (the "Tribe") are parties to a lease agreement ("Lease"). That Lease permitted Stimson to operate a sawmill on the Tribe's land[1] in Benewah County, Idaho. It also granted Stimson an option to purchase the mill at the end of the full lease term for no extra cost—the past rent payments were to constitute the sale price.

---

[1] The tribe owns the land in "fee." The land is not part of the tribal trust.

The Lease contains a dispute resolution clause with four major subsections. The first subsection provides that mandatory mediation is a condition precedent to any suit, action, or arbitration arising under the Lease. Dkt. 1-1, at ¶ 19.3.1. The second subsection is a forum selection clause by which the parties "submit" to the jurisdiction of this Court and forego all other tribunals:

> The Parties agree that any disputes concerning, relating to or arising out of this Agreement present a federal question. With respect to any Proceeding each Party irrevocably submits to the exclusive jurisdiction of the United States District Court for the District of Idaho. Each Party hereby irrevocably waives any objection which it may have at any time to the venue of any Proceedings brought in the United States District Court for the District of Idaho, waives any claim that such Proceedings have been brought in an inconvenient forum and further waives the right to object, with respect to such Proceedings, that such court should not exercise its jurisdiction or should defer to some other judicial or administrative tribunal, whether federal, state, or tribal.

Dkt. 1-1, at ¶ 19.3.2. The third subsection provides that, if this Court lacks jurisdiction, the parties must submit the dispute to binding arbitration. *See* Dkt. 1-1, at ¶ 19.3.3. The fourth subsection dictates that a tribal court judge will enforce any resulting arbitral awards. *See* Dkt. 1-1, at ¶ 19.3.4.

2. *The Dispute*

Relying on the opportunity to buy the property once the mill was established and profitable, Stimson invested heavily in the project. As the final lease term was expiring, Stimson informed the Tribe of its intent to exercise its purchase option. The Tribe, however, argued that the option was no longer valid. The Tribe offered to sell the mill and underlying property on terms that were unfavorable to Stimson. When Stimson refused

those terms, the Tribe demanded that it vacate the property and threatened to begin eviction proceedings in tribal court.

### B. Procedural Background

Stimson sued the Tribe before this Court, claiming diversity jurisdiction and alleging breach of contract, unjust enrichment, and conversion. Stimson moved for a preliminary injunction to prevent the Tribe from harassing the mill workers or beginning eviction proceedings. The Court granted the motion and issued an injunction. Later, however, when the Tribe raised subject matter jurisdiction, the Court found that there was no diversity between the parties and dismissed the case. *Stimson Lumber Co. v. Coeur d'Alene Tribe*, 2022 WL 3446084 (D. Idaho Aug. 16, 2022).

Stimson now files a second iteration of the same suit. Dkt. 1. This time it claims federal question jurisdiction and seeks a declaratory judgment that, "Section 19.3.2. [the Lease's forum selection clause] is enforceable against the Tribe; therefore, the Tribe's court does not have jurisdiction to resolve the disputes regarding the Parties rights and duties under the Agreement." *Id.* at 5. Stimson later moved the Court for a TRO and preliminary injunction to preserve the status quo. Dkt. 8. The Tribe filed a separate Motion to Dismiss or Stay, claiming that the Court lacks subject matter jurisdiction over the case because it does not present a federal question, and that—in the alternative—the Court should stay proceedings until the parties have exhausted tribal remedies. Dkt. 20. Today, the Court considers only the jurisdictional issue raised in the Tribe's Motion to Dismiss.

### III. LEGAL STANDARD

A party may move to dismiss a case for lack of subject matter jurisdiction. *See* Fed.

MEMORANDUM DECISION AND ORDER - 3

R. Civ. P. 12(b)(1). "Once challenged, the party asserting subject matter jurisdiction has the burden of proving its existence." *Drake v. Obama*, 664, F.3d 774, 779 (9th Cir. 2011).

## IV. ANALYSIS

Federal district courts have limited subject matter jurisdiction. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Generally, they can only hear cases that arise in diversity or present a federal question. *See* U.S. CONST. art. III §§ 1–2; 28 U.S.C. §§ 1331–32. Because the Court has already found that the parties here are not diverse, the only jurisdictional issue remaining is whether the case presents a federal question.

Federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. It is not enough to show that the litigation will necessarily engage a federal question. *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908). The federal question must be the gateway to the case. *See id.* Thus, a federal question exists only if: (1) federal law creates the cause of action, or (2) a substantial question of federal law is a necessary element of a plaintiff's well-pleaded complaint. *Coeur d'Alene Tribe v. Hawks*, 933 F.3d 1052, 1055 (9th Cir. 2019); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

The mere fact that an Indian tribe or individual is party to a case does not create federal question jurisdiction. *Newtok Vill. v. Patrick*, 21 F.4th 608, 616 (9th Cir. 2021). "Nor is there any general federal common law of Indian affairs." *Id.* In fact, the Ninth Circuit has held that "federal common law does not cover all contracts entered into by Indian tribes because that might open the doors to the federal courts becoming 'a small claims court for all such disputes.'" *Id.* (quoting *Gila River Indian Cmty. v. Henningson*,

MEMORANDUM DECISION AND ORDER - 4

*Durham & Richardson*, 626 F.2d 708, 714–15 (9th Cir. 1980)). Suits for breach of contract do not, as a rule, entail a federal question. *Kokkonen*, 511 U.S. at 381. Parties cannot contractually oust courts of jurisdiction they would otherwise have. *See M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 12 (1972). Nor can they contractually consent to subject matter jurisdiction that would not otherwise exist. *Kolbe v. Trudel*, 945 F. Supp. 1268, 1270 (D. Ariz. 1996).

Here, Stimson's complaint alleges that this case presents a federal question because "the question of whether an Indian tribe retains the power to compel a non-Indian 'to submit to the civil jurisdiction of a tribal court is one that must be answered by reference to federal law.'" Dkt. 1, at 2. (quoting *Nat'l Farmers Union Ins. Companies v. Crow Tribe of Indians*, 471 U.S. 845, 853 (1985)). Stimson's briefing relies on *Nat'l Farmers*, a case in which the Supreme Court considered whether a default judgment issued by a tribal court was enforceable against non-Indian state entities. *See id*. It held that the question of whether "federal law has divested the Tribe of this aspect of sovereignty" was a federal one and that jurisdiction was proper under 28 U.S.C. § 1331. *Id.*

Similarly, at oral argument, Stimson relied on *Coeur d'Alene Tribe v. Hawks*, a case in which the Ninth Circuit considered "whether the grant of federal question jurisdiction in 28 U.S.C. § 1331 encompasses an action to recognize and enforce a tribal court's award against nonmembers of a tribe." 933 F.3d at 1053. The court held that "actions seeking to enforce a tribal judgment against nonmembers raise a substantial question of federal law" and so created federal question jurisdiction. *Id.* at 1053–54. As in *Nat'l Farmers*, the case centered on a tribal court's default judgment. *Hawks,* 933 F.3d at 1054. The court reasoned

MEMORANDUM DECISION AND ORDER - 5

that, "in order to enforce the judgment, [it] would be required to determine the extent of the Tribal Court's jurisdiction over nonmembers, a question that federal law governs." *Id.* It emphasized that its holding was "confined to the facts presented—a tribe seeking to enforce a tribal court judgment against a nonmember," and was specifically inapplicable to cases that do not implicate a tribe's relationship with the federal government. *Id.* at 1060.

The case before the Court is distinguishable from both *Nat'l Farmers* and *Hawks*. Unlike *Nat'l Farmers*, where the plaintiffs argued that *federal law* had curtailed tribal jurisdiction, 471 U.S. at 852, Stimson argues that *the Lease* precludes the Tribe from seeking relief in Tribal court. Dkt. 1, at 5. Unlike *Hawks*, where the court could not determine whether the default judgment was enforceable without first considering the proper scope of tribal jurisdiction, this Court could interpret the lease terms without ever engaging federal common law. And unlike both *Nat'l Farmers* and *Hawks,* this case does not implicate the Tribe's relationship with the federal government.

The Lease—not a tribal court judgment—creates Stimson's cause of action. And a substantial question of federal law is not a necessary element of Stimson's complaint. Stimson seeks a declaration that "Section 19.3.2. is enforceable against the Tribe; therefore, the Tribe's court does not have jurisdiction to resolve the disputes regarding the Parties rights and duties under the Agreement." Dkt. 1, at 5. It asks the Court to decide whether tribal court is an appropriate forum, not under federal law, but under the dispute resolution clause of the Lease.

This request is not jurisdictional. The Lease could no more strip the tribal court of jurisdiction than it could create, by waiver or consent, subject matter jurisdiction in this

Court. What the Lease could do is show that the Tribe has waived its right to pursue claims in tribal court; but to reach that conclusion, the Court would have to interpret its terms—a task which, without diversity jurisdiction, it is not constitutionally empowered to do. *See Mottley*, 211 U.S. at 152. Further, in making that determination, the Court would not be required to determine the "outer boundaries of an Indian tribe's power over non-Indians," *Nat'l Farmers*, 471 U.S. at 851, or opine on the "Tribe's relationship with the federal government." *Hawks*, 933 F.3d at 1052. Those questions might arise later, if the Tribe wins a judgment against Stimson in tribal court, but at present, the only matter before the Court is the Lease. Thus, this case is a state contract claim mischaracterized as arising under federal law. The Court lacks subject matter jurisdiction and must dismiss.

## IV. CONCLUSION

Because federal law does not create the cause of action, and because a substantial question of federal law is not a necessary element of Stimson's well-pleaded complaint, the Court lacks subject matter jurisdiction over the case and must dismiss.

## V. ORDER

1. Defendant's Motion to Dismiss (Dkt. 20) is GRANTED. Because the Court lacks subject matter jurisdiction over this case, it is DISMISSED without prejudice and CLOSED.

DATED: March 2, 2023

_____
David C. Nye
Chief U.S. District Court Judge